BOUDINOT (BRADFORD v.). See Case No. 1,765.

BOUDINOT (CARSON v.). See Case No. 2,462.

## Case No. 1,695.

### BOUDINOT v. SYMMES.

[Wall. C. C. 139.][1]

Circuit Court, E. D. Pennsylvania. May 25, 1801.

**EQUITY—PRACTICE IN CHANCERY—COMMISSION OF REBELLION.**

The court will, under circumstances, order a commission of rebellion to be returnable immediate; and will set down the cause for a hearing at the same term: and direct the bill to be taken pro confesso.

In equity. The defendant who resided in the territory northwest of the Ohio, when in Philadelphia in the year 1796, was served with a subpoena from the equity side of this court, to appear and answer the plaintiff's bill. He entered his appearance by Rawle; but put in no answer, and stood in contempt. In this situation the complainant took out an attachment to compel an answer; and was proceeding with the other process used in Westminster; namely, an attachment with proclamations, commission of rebellion and sequestration. But in April sessions, 1799, the practice in this case being mentioned, Iredell [Circuit Justice] and Peters [District Judge] were of opinion, that it was not necessary nor practicable to pursue the English practice; but that the bill might be taken pro confesso, on the return of the first attachment, non est inventus. But in April sessions, 1800, Chase [Circuit Justice] and Peters [District Judge] present, it was held that such mode of proceeding was inadmissible; that until some legislative provision or rule of practice was established, the method which obtained before must be pursued. Accordingly the decree pro confesso, was set aside; and the plaintiff proceeded to issue an attachment with proclamations, which being also returned non est inventus, Ingersoll, after stating these proceedings, said that the next process was a commission of rebellion, which, regularly, must have fifteen days between the test and the return, as all other process of contempt should have: but as it was desirable to have an order for sequestration in this term, so as that the bill might be set down for hear-

---

[1] [Reported by John B. Wallace, Esq.]

ing and taken pro confesso, which could not be until the commission of rebellion returned non est, and a sequestration ordered. Harr. Ch. Pr. (New Ed.) 203; 3 Bl. Comm. 443, 444. He therefore moved for an order that a commission of rebellion do issue against the defendant, returnable immediate, directed to the marshal, &c. He said that it was in the discretion of the court, under circumstances, to expedite this process for contempt; that in this case, they were merely formal, the defendant was out of the state, and would not answer. That great delay had already been incurred; and it was due to justice that the plaintiff should have the benefit of a decree by default. He cited Hinde, Pr. 122, to show that the court might order the return immediate.

GRIFFITH, Circuit Judge. This is a special motion, and requires notice. Has Mr. Rawle had notice?

Ingersoll: He has not; but he will not except on that account. I will answer for that; if he objects, the order shall be vacated.

CURIA: Take your order; it is perfectly reasonable. The whole proceeding in these cases, as applied to the state of things in this court, is dilatory, nugatory, and expensive: it must be altered.

The commission was immediately made out, and returned non est. The court then appointed a serjeant-at-arms, and directed him to go in quest of the defendant. The serjeant not being able to find him, returned to the court, that the defendant eluded his search: whereupon a sequestration was ordered.

Ingersoll, on producing the bill, moved to have the cause set down for a hearing; which was done. And upon his further motion, it was ordered that the plaintiff's bill be taken pro confesso, and that a decree be entered accordingly; with leave, nevertheless, to the defendant to move, at the next sessions of the court, to set it aside upon filing an answer: and that proof of the service of this order, made before any magistrate of the North Western Territory, should be held sufficient.